IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN MCNAIR, | ) | |
|     Petitioner, | ) | Civil Action No. 7:12-cv-00141 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARK, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Allen McNair, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the lawfulness of his detainment at Wallens Ridge State Prison. The court finds that McNair's claim is not actionable under § 2254 and, therefore, dismisses it without prejudice as frivolous.

**I.**

On January 23, 2007, the Hampton Circuit Court convicted McNair of carjacking and using a firearm, and sentenced him to an active term of 15-years incarceration, with an additional 28 years suspended. McNair was committed to the custody of the Virginia Department of Corrections ("VDOC") to serve his sentence. At some point during his incarceration within the VDOC, McNair alleges that he entered an agreement with officials at Wallens Ridge State Prison ("WRSP"), where he currently resides, to live in a "non-grooming population pod." In this pod, McNair states that he is "kept completely separated from general population, but not housed in segregation." McNair alleges that VDOC rules and regulations only allow general population and segregation living arrangements. Consequently, McNair argues that his agreement with WRSP officials to live in the "non-grooming population pod" has "voided" his "detainment under VDOC rules and procedures" and his judgment and sentencing by the Hampton Circuit Court. McNair states that and he is now being "illegal[ly] detained" by WRSP pursuant to an unenforceable contract. McNair asks the court to release him from incarceration, but allow the

Commonwealth of Virginia the "freedom to re-obtain its conviction and sentence" against McNair.

## II.

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). McNair has not established that his custody violates the Constitution or any federal law or treaty. Accordingly, the court dismisses McNair's petition as frivolous.

## III.

For the reasons stated, the court dismisses McNair's petition without prejudice as frivolous.

The Clerk is directed to send a copy of this opinion and the accompanying order to petitioner.

**ENTER**: This 11th day of June, 2012.

                                                                  /s/ Norman K. Moon
                                                                  NORMAN K. MOON
                                                                  UNITED STATES DISTRICT JUDGE